UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FIDELITY FUNDING BUSINESS CREDIT, LTD, d/b/a US FUNDING, LTD, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:16-CV-2492-B |
| REPUBLIC BUSINESS CREDIT LLC, d/b/a EB FINANCE, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the parties' motions for summary judgment. Docs. 40 & 44. For the reasons that follow, the Court **GRANTS** Plaintiff's, Doc. 40, and **DENIES** Defendant's, Doc. 44.

## I.

## BACKGROUND[1]

This case arises out of a contract dispute. In July 2006, Plaintiff Fidelity Funding Business Credit LTD (Fidelity) and non-party Greystone Commercial Services (Greystone) entered into an agreement (Fidelity-Greystone Contract). Doc. 42, App'x in Supp. of Pl.'s Mot. for Summ J., 8. Fidelity sold Greystone various factored commercial accounts receivable. *Id.* In exchange, Greystone promised to pay Fidelity commissions equal to twenty percent of the revenue generated by those accounts. *Id.* at 15. Greystone paid commissions until June 2013, when Greystone and Defendant

---

[1] The facts are derived from the parties' pleadings, summary-judgment briefs, and evidentiary submissions. Unless characterized as a contention by one of the parties, the facts are undisputed.

Republic Business Credit LLC (Republic) entered into a separate contract (Republic-Greystone Contract). *Id.* at 68. Greystone sold Republic the factored accounts it obtained from Fidelity—the accounts for which Greystone had been paying commissions. *Id.*; *see also* Doc. 40, Pl.'s Br. in Supp., 2. When Greystone transferred the factored accounts to Republic, Fidelity stopped receiving commission. *See* Doc. 40, Pl.'s Br. in Supp., 2

Fidelity filed this breach-of-contract suit in Texas state court to collect commissions from Republic, asserting that Republic assumed (and has not fulfilled) Greystone's obligation to pay commissions. Republic removed to this Court, and both parties filed motions for summary judgment that are now ripe for resolution.

## II.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute "is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." *Burrell v. Dr. Pepper/Seven Up Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007). And a fact "is 'material' if its resolution could affect the outcome of the action." *Id.*

The summary judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). Usually this requires the movant to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). But if the non-movant ultimately bears the burden of proof at

trial, the movant may satisfy its burden just by pointing to the absence of evidence supporting the non-movant's case. *Id.* at 322–23.

If the movant meets that burden, then the non-movant must "show with significant probative evidence that there exists a genuine issue of material fact." *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (internal quotation marks omitted). And significant probative evidence is just that: significant. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam). "[M]etaphysical doubt as to material facts," "conclusory allegations," "unsubstantiated assertions," or a mere "scintilla of evidence" will not do. *Id.* (internal citations and internal quotation marks omitted). Rather, "the non-movant must go beyond the pleadings and present specific facts indicating a genuine issue for trial." *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014).

To be sure, the court views evidence in the light most favorable to the non-movant when determining whether a genuine issue exists. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). The presence of cross-motions does not change this approach: The court will "review each party's motion independently, viewing the evidence and inferences in the light most favorable to the non-moving party." *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001). But it need not "sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)). Simply put, the non-movant must "identify specific evidence in the record" and "articulate the precise manner in which that evidence supports [its] claim." *Id.* If it cannot, then the court must grant summary judgment. *Little*, 37 F.3d at 1076.

## III.

## ANALYSIS

Fidelity and Republic have both filed motions for summary judgment. Fidelity claims in its motion that Republic breached the Fidelity-Greystone Contract by failing to pay commissions. Doc. 40, Pl.'s Br. in Supp., 1. Fidelity acknowledges that Republic was not a party to the Fidelity-Greystone Contract, but argues that it may nevertheless assert a breach of contract claim because Republic assumed Greystone's duty to pay commissions when it executed the Republic-Greystone Contract. *Id.* Republic admits that it has not paid Fidelity commissions. Doc. 53, Def.'s Resp., 5. But Republic argues that it was not required to pay the commissions because it did not assume that duty when it entered into the Republic-Greystone Contract. *Id.* at 14. And Republic further contends in its motion that Fidelity cannot sue it for breach of contract because Republic was not a party to the Fidelity-Greystone Contract and does not have any rights or obligations therein. Doc. 45, Def.'s Br. in Supp., 1–2, 14–15.

Texas law requires privity of contract to assert a breach of contract claim, meaning a non-party to a contract typically cannot be sued for breach of that contract. *Chico Auto Parts & Serv., Inc. v. Crockett*, 512 S.W.3d 560, 569 (Tex. App.—El Paso 2017, pet. denied). But there is an exception: a non-party to a contract can be liable for breach of another party's contract if the non-party expressly or impliedly assumed an obligation in that contract. *NextEra Retail of Tex., LP v. Inv'rs Warranty of Am., Inc.*, 418 S.W.3d 222, 226 (Tex. App.—Houton [1st Dist.] 2013, pet. denied); *see also DCK World Wide, LLC v. Pacifica Riverplace, L.P.*, No. A-16-CA-666-SS, 2016 WL 8674350, at *4 (W.D. Tex. July 29, 2016) ("Texas courts find a non-signatory can be held liable under a contract if it expressly or implicitly assumes the obligations of the contract."); *Jones v. Cooper Indus.*,

*Inc.*, 938 S.W.2d 118, 124 (Tex. App.—Houston [14th Dist.] 1996, writ denied) ("The assignee of a contract is not bound to perform the assignor's obligations under the contract unless they are expressly or impliedly assumed by the assigne."). The non-party in this case is Republic; in its motion, Fidelity seeks to demonstrate that Republic is liable for breaching the Fidelity-Greystone Contract—even though Republic was not a party to that contract—by showing that Republic assumed the obligation to pay commissions when it executed the Republic-Greystone Contract. Republic argues in its motion that it did not assume Greystone's duty to pay Fidelity. It is undisputed that Republic has not paid Fidelity commissions. So the Court's task is to examine the Republic-Greystone Contact to determine whether Republic expressly or impliedly assumed the duty to pay commissions.

When interpreting a contract, the Court's "primary concern . . . 'is to ascertain the true intent of the parties as expressed in the instrument.'" *Fed. Ins. Co. v. Northfield Ins. Co.*, 837 F.3d 548, 552 (5th Cir. 2016) (quoting *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995)). To that end, the Court "evaluates the contract based on its plain meaning, determining what the words of the contract say the parties agreed to do." *Tetra Tech. Inc. v. Cont'l Ins. Co.*, 814 F.3d 733, 746 (5th Cir. 2016) (quoting *Likens v. Hartford Life & Accident Ins. Co.*, 688 F.3d 197, 199 (5th Cir. 2012)) (internal alterations omitted). If a contract "is worded so that it can be given a definite or certain legal meaning, it is not ambiguous, and the court must construe the contract as a matter of law and enforce it as written." *Id.* at 746–47 (internal citations and quotations omitted). A contract "is ambiguous only when the application of pertinent rules of interpretation to the face of the instrument leaves it genuinely uncertain which one of two or more meanings is the proper meaning." *Tesoro Ref. & Mktg. Co. v. Nat'l Union Fire Ins. Co. of Pitt.*, 833 F.3d 470, 474 (5th

Cir. 2016) (citation and internal quotation marks omitted). In other words, a contract is ambiguous only if it is "susceptible to two or more reasonable interpretations." *Id.* (internal quotations and citations omitted). So neither the bare presence of conflicting interpretations nor mere "disagreement about the meaning of" its terms is enough. *Id.*

The plain language of the Republic-Greystone Contract indicates that Republic explicitly assumed Greystone's duty to pay commissions even when viewing it in a light most favorable to Republic. *See Ford Motor Co.*, 264 F.3d at 498. In the Republic-Greystone Contract, Republic "accept[ed], assumed and agree[d] to pay, perform, discharge and satisfy . . . the Acquired Seller Referral Fee Obligations owning on the [factored accounts] . . . as set forth on Exhibit H." Doc. 42, App'x in Supp. of Pl.'s Mot. for Summ J., 69. Exhibit H includes the obligation to pay a twenty percent commission to Fidelity for the factored accounts Republic purchased from Greystone. *Id.* at 195.

Republic's arguments to the contrary in its motion and responsive briefing are not persuasive. Republic first argues that the commissions should never have been listed as a referral fee under Exhibit H. Doc. 53, Def.'s Resp., 15–16. Instead, Republic contends that the commissions are really deferred compensation, an excluded liability under the Republic-Greystone Contract. *Id.*; *see also* Doc. 42, App'x in Supp. of Pl.'s Mot. for Summ J., 68. According to Republic, commissions should be considered deferred compensation because commissions are listed as consideration in the Fidelity-Greystone Contract. Doc. 53, Def.'s Resp., 15–16. Yet the plain language of the Republic-Greystone Contract indicates the commissions were a referral fee, not deferred compensation. Doc. 42, App'x in Supp. of Pl.'s Mot. for Summ J., 195. Because Republic's obligation to pay commissions is clear, the Court must "enforce it as written." *Tetra Tech. Inc.*, 814 F.3d at 747. And just because

the Fidelity-Greystone Contract refers to commissions as consideration does not mean they cannot also be a referral fee. Indeed, Fidelity sold Greystone the factored accounts in exchange for the twenty percent referral fee. Furthermore, there is no reason why the commissions' status as consideration necessarily means that the commissions are deferred compensation and therefore an excluded liability under the Republic-Greystone Contract.

Republic's second argument in its briefing is that Greystone could not have transferred its duty to pay commissions because the Fidelity-Greystone Contract prevents assignments. Doc. 53, Def.'s Resp., 11. The relevant portion of the Fidelity-Greystone Contracts reads, "No Party may assign either this Agreement or any of its rights, interest, or obligations hereunder without the prior written approval of the other Party." Doc. 42, App'x in Supp. of Pl.'s Mot. for Summ J., 27. Fidelity has not produced evidence of such an agreement with Greystone, so Republic contends that Greystone could not have assigned Republic its duty to pay commissions. Doc. 53, Def.'s Resp., 11. The Court is not persuaded. Republic cannot seek to enforce provisions of the Fidelity-Greystone Contract because it is neither privy to that contract nor a third party beneficiary.[2]

In sum, the undisputed summary judgment record indicates that Republic explicitly assumed Greystone's obligation to pay commissions to Fidelity when it entered into the Republic-Greystone Contract. Republic is therefore liable to Fidelity for commissions from June 2013.

## IV. CONCLUSION

The Court **GRANTS** Fidelity's Motion for Summary Judgment, Doc. 40, and **DENIES**

---

[2] A third party may enforce a contract it did not sign when the parties to the contract entered the agreement with the clear and express intention of directly benefitting the third party." *Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011).

Republic's, Doc. 44.

**SO ORDERED.**

**SIGNED: October 30, 2017.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE